UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JEROME ROACH, II,

    Plaintiff,

v.

PRATT, et. al.,
    Defendants,

_____/

Case No. 2:25-cv-12572
Honorable Linda V. Parker
United States District Judge

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

Michael Jerome Roach, II, is a prisoner incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (ECF No. 1 at PageID.2.) Mr. Roach filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1 at PageID.4.) For the reasons that follow, the complaint is dismissed because it fails to state a claim upon which relief can be granted.

**I. Background**

Plaintiff alleges that on July 31, 2025, Defendant Pratt, a corrections officer at the Cotton Correctional Facility, subjected him to cruel and unusual punishment by calling Plaintiff Sean "P. Diddy" Combs in the presence of others, which implied that Plaintiff was "a sexual deviant, a homosexual predator and physical and sexual abuser of women and men." (ECF No. 1 at PageID.11.) Plaintiff

1

argues that Pratt's comments had "racial undertones" and further falsely implied that Plaintiff was gay. (*Id.* at PageID.7.) Plaintiff also states that there have been other times that Pratt has addressed him using "racial and homosexual overtones," but he does not elaborate on the substance of those comments. (*Id.* at PageID.20.)

Regarding Plaintiff's Fourteenth Amendment concerns, Plaintiff alleges that he filed a complaint against Defendant Pratt through the prison's internal grievance system, but that the other three Defendants — Cobb, Headen, and Martin — failed to properly investigate his claims or correctly process his grievances. (ECF No. 1 at PageID.6-7.) Plaintiff also alleges that Defendant Martin failed to report Plaintiff's allegations to the prison's Prison Rape Elimination Act (PREA) coordinator. (ECF No. 1 at PageID.6.) Plaintiff further claims that he filed his complaint "under duress and fear of retaliations of all Defendants named in [the] complaint." (ECF No. at PageID.20).

## II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915. However, 28 U.S.C. § 1915(e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;

2

>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

Sua sponte dismissal is appropriate if the complaint falls within any of the conditions of §1915(e)(2) when filed. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To successfully establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must show that: (1) the defendant acted under the color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (Fciting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential

3

element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III. Discussion

Here, Plaintiff's §1983 claim is primarily based upon alleged violations of his Eighth and Fourteenth Amendment rights. However, Plaintiff's complaint is subject to sua sponte dismissal because Plaintiff fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

#### A. Eighth Amendment Claim

In order for Plaintiff's Eighth Amendment claim to survive, Plaintiff would have to establish that Defendant Pratt's actions constituted "cruel and unusual punishmen[t]." U.S. Const. amend. VIII. While Defendant Pratt's comments would surely make an inmate — or any person for that matter — uncomfortable and concerned, this form of abuse does not violate the Constitution. Sixth Circuit courts have consistently held that verbal abuse, without more, does not amount to cruel and unusual punishment. *See Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corrections*, 746 F. Supp. 662, 667 (E.D. Mich. 1990).

Verbal abuse can be actionable under § 1983 if it amounts to assault, results in physical harm, or is part of a pattern of unnecessary and wanton abuse. *See, e.g.*, *Parrish v. Johnson*, 800 F.2d 600 (6th Cir. 1986). Plaintiff's allegations,

4

if true, would undoubtably amount to "shameful and utterly unprofessional behavior," but would be insufficient to establish an Eighth Amendment violation. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004) (finding that verbal abuse does not constitute the type of infliction of pain that the Eighth Amendment prohibits); *see also Jones Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007) (finding that the prison guard's use of racial slurs and other derogatory language against state prisoner did not rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment).

Likewise, any homophobic remarks by Defendant Pratt, while also extremely unprofessional, would not provide a basis for relief. *Bush v. Potter*, 1989 WL 51392, * 1 (6th Cir. May 18, 1989). The Sixth Circuit has "held that 'isolated, brief, and not severe' instances of sexual harassment do not give rise to Eighth Amendment violations." *Rafferty v. Trumbull Cty., Ohio*, 915 F.3d 1087, 1095 (6th Cir. 2019) (*citing Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018)).

Although Plaintiff alleges that "there have been other times" when Pratt addressed him using "homosexual overtones," he provides no further details on the substance or frequency of those comments to show that they were more than "isolated, brief, or [trivial]." ECF No. 1 at PageID.20; *Rafferty*, 915 F.3d at 1095.

5

The allegations do not suggest repeated *and* severe instances of sexual harassment. *Compare with Rafferty*, 915 F.3d at 1095-96 (Allegations that corrections officer repeatedly demanded that inmate expose her breasts and masturbate in officer's presence on six occasions against inmate's will were sufficiently serious to implicate the Eighth Amendment, even in the absence of physical touching by officer; alleged sexual abuse did not merely consist of words, but also entailed forced sexual acts and officer's alleged sexual abuse was not isolated and brief). Consequently, upon review of the facts alleged, Plaintiff's claims fall short of establishing a violation of the Eighth Amendment and cannot support a § 1983 claim.

## B. Fourteenth Amendment Claim

### a. Administrative Grievances

Plaintiff cannot obtain relief on his claim that Defendants Cobb, Headen, and Martin improperly mismanaged and denied his administrative grievances. The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right, in the absence of any allegation that the official was involved in the *underlying activity* that was challenged in the grievance. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Shehee v. Luttrell*,

199 F.3d 295, 300 (6th Cir. 1999) (prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct); *see also Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (the wrongful denial of a prison grievance does not violate any federal right, "as there is no inherent constitutional right to an effective prison grievance procedure"). Also, and importantly, Michigan law does not create a liberty interest in a prison grievance procedure. *Keenan*, 23 F. App'x at 407 (*citing Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)).

    b. *Prison Rape Elimination Act*

To the extent that Plaintiff seeks to bring a private cause of action under the Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601, he is not entitled to relief. "Courts within the Sixth Circuit have consistently held that 'the PREA does not create a private cause of action which can be brought by an individual plaintiff.'" *Fisher v. Fed. Bureau of Prisons*, 484 F. Supp. 3d 521, 537 (N.D. Ohio 2020) (collecting cases). This is because "the PREA itself seeks to compile data and statistics concerning incidences of prison rape and to adopt standards to combat the same, [it] does not confer upon [inmates] any extra rights outside of the normal prison grievance system." *Id.* (quoting *Jones v. Medlin*, No. CV 213-040,

7

2012 WL 5025309, at *6 (S.D. Ga. Sept. 10, 2012), *report and recommendation adopted*, No. CV 312-040, 2012 WL 4961683 (S.D. Ga. Oct. 16, 2012)).

### C. Retaliation Claim

Finally, Plaintiff's claim that he fears the Defendants *might* retaliate against him for filing this lawsuit does not state a claim for relief. To establish standing to bring a lawsuit, a plaintiff must allege an "injury in fact" that is both "concrete and particularized" and is "actual or imminent." *Barden Detroit Casino, L.L.C. v. City of Detroit*, 230 F.3d 848, 854 (6th Cir. 2000). Once standing is demonstrated, a Plaintiff can establish a retaliation claim by proving three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

"Conclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (*quoting Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)). Plaintiff merely speculates that the Defendants might, in the future, retaliate against him for bringing this lawsuit. If this occurs, Plaintiff may bring a new lawsuit and present facts that support *actual* retaliation.

However, at the present moment, speculative allegations of future retaliation do not establish an injury in fact necessary to maintain a cause of action.  *See Ely v. Campbell*, 8 F. App'x 472, 473 (6th Cir. 2001).  As a result, Plaintiff is not entitled to relief on this claim.

### IV. Conclusion

Plaintiff has failed to put forth facts sufficient to establish claims based on the Eighth Amendment, Fourteenth Amendment, the Prison Rape Elimination Act, or alleged retaliation.  Because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by Plaintiff would not be taken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)).

Accordingly,

It is **HEREBY ORDERED** that this matter is **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED AND CERTIFIED** by the Court that any appeal taken by Plaintiff would not be done in good faith.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: December 4, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 4, 2025, by electronic and/or U.S. First Class mail.

                                            s/Aaron Flanigan
                                            Case Manager